Parker, C. J.,
delivered the opinion of the Court.
The second and fifth counts in this indictment are certainly good; for it can never be required that an obscene book and picture should be displayed upon the records of the Court; which must be done if the description in these counts is insufficient. This would be to require that the public itself should give permanency and notoriety to indecency, in order to punish it. These counts being good, it is unnecessary to give an opinion upon the others; since, if there be good and bad counts in the same indictment, and a general verdict of guilty returned, the verdict must be applied to the good ones. [ * 338 ] * The only objection which has seemed to require much consideration, is that which is founded upon a *273 supposed want of jurisdiction of this offence in the Court of Common Pleas, at which court the indictment was found. A short history of our judicial tribunals will show clearly that this objection must also fail.
It is conceded that, by the statute of 1803, c. 155, the courts of common pleas, in whatever shapes they have existed since the passage of that act, have enjoyed all the criminal jurisdiction before lawfully exercised by the Court of General Sessions of the Peace. The inquiry then is, what jurisdiction this last-mentioned court had in criminal matters, before that statute was enacted.
The jurisdiction of the Court of Sessions, under the present constitution, was established by the statute of 1782, c. 14. By this statute, the justices of that court “are empowered to hear and determine all matters relative to the conservation of the peace, and the punishment of such offences as are cognizable by them at common law, or by the acts and laws of the legislature; and to give judgment, order, or sentence thereon, as the law directs, and to award execution accordingly.”
The existing power of this Court, whether at the common law or by legislative act, before the adoption of the constitution, must be sought for, in order to ascertain its present jurisdiction.
By the common law, the Court of Sessions of the Peace in England had jurisdiction of all misdemeanors, and indeed of all felonies, the punishment of which was not capital. [See 4 Black. Comm. 270. Also, note 2, by Christian.] This Court, however, could not try any offence newly created by statute, unless jurisdiction was expressly given to it. The offence of libel is an offence at common law, of which the Court of Sessions originally had jurisdiction, without doubt.
But we are rather to look at the common law of our own country, which, at the time of the adoption of the constitution, * may as well have existed in the form of [ * 339 ] statutes and ordinances of the colonial and provincial legislatures, as in any other way. By the provincial act of 11 Will. III. c. 1, a court of general sessions of the peace was constituted within each county, who were “ empowered to hear and determine all matters relating to the conservation of the peace, and punishment of offenders, and whatsoever is by them cognizable according to law ; and to give judgment and award execution therein.” Even this early provision rests upon some preexisting power, resulting from the common law or antecedent legislative acts. By the third section of this act, a provision is made for the summoning of jurors to attend this Court. An earlier provincial act [7 Will. III. c. 4.] provides for the attendance upon said Court of a grand inquest, *274 whose duty it is made to inquire and duly present the breach of all such good and wholesome laws, as are or shall be established within the province, and all such misdemeanors as are proper to their inquiry and the jurisdiction of the Court.
One step further back brings us to colonial judicial establishments, in which will be found the principles and fundamental qualities of the several judicial tribunals since created. As all legislative, so all judicial power seems to have been exercised by the whole body of the people, for a year or two after the arrival of the first colonists. When a representative legislature succeeded to this simple democracy, it exercised judicial power, both criminal and civil. But in the year 1639 this crude system was superseded by the Court of Assistants, to which was given jurisdiction by appeal in civil actions, and original in all criminal suits which extended to life, member, or banishment. And at the same time county courts were established, with jurisdiction civil and criminal, not extending to life, member, or banishment; which was reserved to the Court of Assistants. This county court was the parent of the courts of common pleas, and of the general sessions of the peace; [ * 340 ] * enjoying the powers of both, as now exercised. And its criminal jurisdiction was analogous to that practically exercised by the Court of Quarter Sessions in England; to which the colonial legislature undoubtedly had reference, in determining its jurisdiction. In the year 1699, the provincial legislature divided the criminal and civil jurisdiction between the Court of Common Pleas and the Court of Sessions ; both of which were at that time established by law, and have continued ever since, with various modifications, until the whole criminal jurisdiction of the Court of Sessions was, in 1804, transferred to the Court of Common Pleas. Thus the county court was abolished.
It then appears, by tracing back our juridical history, that the Court of Common Pleas has criminal jurisdiction, in every thing which does not relate to life, member, or banishment; except such crimes as have been since constituted by law, or the punishment of which, by statute, is to be administered by the Supreme Judicial Court. And this is the case with respect to all punishments by hard labor; and in many instances, where fine and imprisonment are the pun ishment, jurisdiction is given only to the court last mentioned.
The offence, of which the defendant stands convicted, is a misdemeanor, the punishment of which does not extend to life, member, or banishment; nor is it an offence created by statute; so that it is clearly cognizable by the Court of Common Pleas, as organized when the indictment was presented.